**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6755**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEREK JACQUAN WIGGINS, a/k/a DJ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (4:17-cr-00053-BO-4; 4:19-cv-00039-BO)

_____

Submitted:  November 17, 2022                    Decided:  November 23, 2022

_____

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Derek Jacquan Wiggins, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Jacquan Wiggins seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 31, 2022. Wiggins filed the notice of appeal on June 23, 2022.[*] Because Wiggins failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Wiggins could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).